# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**STEPHEN A. RABUN,**

    Plaintiff,

v.

**QUALITY LOAN SERVICE CORP. OF WASHINGTON**,

    Defendant.

Case No. 3:18-cv-1482-AC

**ORDER**

**Michael H. Simon, District Judge.**

On Friday, August 10, 2018, Plaintiff *pro se* (representing himself) filed his Complaint in this lawsuit against Defendant Quality Loan Service Corp. of Washington ("Quality Loan") and Does 1 through 5. In his Complaint, Plaintiff alleges violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e(2) and 1692f(1); common law conversion, and common law breach of contract by breach of the implied duty of good faith and fair dealing.[1] Plaintiff seeks declaratory and injunctive relief, actual, statutory, and punitive damages, and reasonable attorney's fees and litigation expenses. According to Plaintiff, on

---

[1] The Court notes that a trustee conducting a non-judicial foreclosure is not a "debt collector" subject to liability under the FDCPA. *See Ho v. ReconTrust Co., N.A.*, 858 F.3d 568, 573-76 (9th Cir. 2017).

PAGE 1 – ORDER

May 25, 2007, Plaintiff and his wife took out a mortgage loan for $150,000. Complaint, ¶¶ 13, 20. Plaintiff also alleges that the Oregon real property that secured Plaintiff's loan is currently scheduled for a non-judicial foreclosure sale on Monday, August 13, 2018. Complaint, ¶ 25. Plaintiff appears to have known of this impending foreclosure sale since at least May 22, 2018. Complaint, ¶ 26 and Ex. A. On August 10, 2018, Plaintiff purports to have served his Complaint on Quality Loan by placing a copy of that Complaint in the U.S. mail, postage paid, addressed to Quality Loan's registered agent for service of process in Seattle, Washington.

Also, on Friday, August 10, 2018, Plaintiff filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction. In his motion, Plaintiff sees a Temporary Restraining Order staying the non-judicial foreclosure sale of Plaintiff's home, which Plaintiff states is scheduled to occur on Monday, August 13, 2018. Plaintiff purports to have served his Motion for Temporary Restraining Order on Quality Loan by placing a copy of that motion in the U.S. mail, postage paid, on Friday, August 10, 2018, addressed to Quality Loan's registered agent for service of process in Seattle, Washington.[2]

The Court held a telephonic hearing on Monday, August 13, 2018, at 8:00 a.m. Plaintiff and his wife participated in the call, but no one attended for Defendant Quality Loan. Plaintiff explained to the Court that on Friday, August 10th, Plaintiff contacted someone who works in the office of Quality Loan's registered agent to inform Quality Loan of Plaintiff's Complaint and

---

[2] The Court notes that Plaintiff argues that Oregon law does not recognize a tort of wrongful foreclosure. Nevertheless, the Ninth Circuit has held that a post-sale challenge is not barred by Or. Rev. Stat. § 86.797(1) if the sale is "based on lack of notice or some other fundamental flaw in the foreclosure proceedings, such as the sale being completed without the borrower actually being in default." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1166 (9th Cir. 2016) (citation omitted). In addition, the Oregon Court of Appeals has held that "the participation of a 'trustee' is so fundamental to a 'trustee's sale' " that Or. Rev. Stat. § 86.797(1) does not bar a post-sale challenge alleging that the sale of property was not conducted by a trustee. *Wolf v. GMAC Mortg., LLC*, 276 Or. App. 541, 370 P.3d 1254, 1256 (2016); *see also Bank of Am. v. Payne*, 279 Or. App. 239, 379 P.3d 816, 819 (2016) (adopting *Wolf's* holding).

Motion. Plaintiff also confirmed that he has known for several months about August 13th date for the scheduled foreclosure sale.

Rule 65(b)(1) of the Federal Rules of Civil Procedure provides that a federal court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only* if immediate and irreparable injury will result before the adverse party can be heard in opposition and the movant certifies in writing regarding the efforts to give notice to the adverse party or the reasons why such notice should not be required. Plaintiff has not satisfied the reasonable notice requirement.

The hallmark of our adversarial system of justice requires that both sides in a dispute be given an opportunity to be heard before the Court enters any ruling or order affecting the rights or interests of the parties. Although Rule 65(b)(1) allows a court to issue a temporary restraining order without notice to an adverse party, the circumstances when it is appropriate to do so are quite limited and narrow. A motion for a temporary restraining order may be denied simply on the basis that timely and adequate efforts were not made to notify the opposing side or when there is no justifiable reason for issuing a temporary restraining order without providing fair notice and a reasonable opportunity to be heard in opposition. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131-32 (9th Cir. 2006).

Notwithstanding the purported urgency of this matter, timely notice to the adverse party could have—and should have—been given. Plaintiff has known of the impending non-judicial foreclosure sale scheduled for August 13, 2018, since at least May 22, 2018. The absence of timely notice to an adverse party and the absence of a compelling reason for failing to give fair and timely notice are not defects that should be easily ignored, even for an unrepresented party. Plaintiff's emergency *ex parte* Motion for Temporary Restraining Order is DENIED without

prejudice on the ground that Plaintiff failed to give timely, sufficient, and reasonable advance notice to Defendant and failed to provide to the Court a sufficient basis for not doing so.

**IT IS SO ORDERED.**

DATED this 13th day of August, 2018.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge
